John P. Kristensen (SBN 224132)
David L. Weisberg (SBN 211675)
**KRISTENSEN WEISBERG, LLP**
12304 Santa Monica Boulevard, Suite 100
Los Angeles, California 90025
Telephone: 310-507-7924
Fax: 310-507-7906
*john@kristensenlaw.com*
*david@kristensenlaw.com*

*Attorneys for Plaintiffs*

# THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# ROBERT T. MATSUI FEDERAL COURTHOUSE

| | |
|---|---|
| JAMES FINLEY, an individual; KIKI BALL, an individual,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>IC SYSTEM, INC., a Minnesota Corporation; and DOE INDIVIDUALS, inclusive, and each of them,<br><br>　　　　Defendants. | Case No.:<br><br>**PLAINTIFFS' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>(1) Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*; and<br>(2) Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

　　　　Plaintiffs James Finley and Kiki Ball ("Plaintiffs"), allege the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

　　1.　　Plaintiffs bring this action seeking damages and any other available legal or equitable remedies resulting from the illegal actions of defendant IC

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
-1-

SYSTEM, INC. and INDIVIDUAL DOES (collectively "Defendants") in contacting Plaintiffs, as well as knowingly, and/or willfully contacting Plaintiffs on Plaintiffs' cellular telephones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), thereby invading Plaintiffs' privacy.

2. Defendant IC SYSTEM, INC. is a company that regularly engages in aggressive and reckless debt collection practices which outright ignore controlling federal law, and the rights of the called party.

3. Defendant IC SYSTEM, INC. repeatedly made unsolicited calls to Plaintiffs' cellular telephone in violation of the TCPA. Defendant IC SYSTEM, INC. made the calls using an automated telephone dialing system ("ATDS") or pre-recorded voice for the purpose of bullying Plaintiffs into paying an allegedly deficient balance.

4. Defendant IC SYSTEM, INC. called Plaintiffs, yet even after Plaintiffs told Defendant (1) it had the wrong number and (2) to stop calling his cell phone, Defendants continued calling their cellular phone.

5. By making the telephone calls at issue in this Complaint, Defendants caused Plaintiffs actual harm, including the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, as well as the monies paid to their carrier(s) for the receipt of such telephone calls.

6. Congress enacted the TCPA to protect consumers from unsolicited telephone calls exactly like those alleged in this case. In response to Defendants' unlawful conduct, Plaintiffs file the instant lawsuit and seeks an injunction requiring Defendants to cease all illegal telephone calling activities to their cellular telephones, and other individuals cellular phones and an award of statutory damages under the TCPA equal to $500.00 per violation, together with court costs, reasonable attorneys' fees (including under Cal. *Code Civ. Proc.* §

1021.5), and treble damages (for knowing and/or willful violations).

## JURISDICTION & VENUE

7. Jurisdiction is proper under subject matter jurisdiction under the Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq.* (TCPA). Therefore, this Court has jurisdiction.

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

9. The Court has personal jurisdiction over Defendants because they conduct significant business in this District, and the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this of District. Furthermore, plaintiff James Finley is a resident of Sacramento County.

11. Defendants are subject to specific personal jurisdiction in this District because they have continuous and systematic contacts with this District through their marketing efforts and services that target this District, and the exercise of personal jurisdiction over Defendants in this District does not offend traditional notions of fair play or substantial justice.

## PARTIES

12. Plaintiff, James Finley ("Finley"), is a citizen of the State of California residing in Sacramento, Sacramento County, California.

13. Plaintiff, Kiki Ball ("Ball"), is a citizen of the State of California residing in Los Angeles County, California.

14. Defendant IC System, Inc. ("Defendant" or "IC System") is a Minnesota corporation with its principal place of business at 444 Highway 96 E, St. Paul, Minnesota, 55127, but regularly conducts business in this District.

15. Plaintiff does not yet know the identity of Defendants'



employees/agents, identified as DOE INDIVIDUALS that had direct, personal participation in or personally authorized the conduct found to have violated the statute, and were not merely tangentially involved. They are named tentatively as numerous District Courts have found that individual officers/principals of corporate entities may be personally liable (jointly and severally) under the TCPA if they had direct, personal participation in or personally authorized the conduct found to have violated the statute, and were not merely tangentially involved. *Texas v. American Blastfax, Inc.*, 164 F.Supp.2d 892, 899 (W.D. Tex. 2001) ("*American Blastfax*"); *Sandusky Wellness Center, LLC v. Wagner Wellness, Inc.*, 2014 WL 1333472, at * 3 (N.D. Ohio March 28, 2014); *Maryland v. Universal Elections*, 787 F.Supp.2d 408, 415-16 (D.Md. 2011) ("*Universal Elections*"); *Baltimore-Washington Tel Co. v. Hot Leads Co.*, 584 F.Supp.2d 736, 745 (D.Md. 2008); *Covington & Burling v. Int'l Mktg. & Research, Inc.*, 2003 WL 21384825, at *6 (D.C.Super Apr. 17, 2003); *Chapman v. Wagener Equities, Inc.* 2014 WL 540250, at *16-17 (N.D.Ill. Feb. 11, 2014); *Versteeg v. Bennett, Deloney & Noyes, P.C.*, 775 F.Supp.2d 1316, 1321 (D.Wy.2011) ("*Versteeg*"). Upon learning of the identities of said individuals, Plaintiff will move to amend to name the individuals as defendants.

16. Plaintiffs are informed and believe and thereon allege that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was the owner, agent, servant, joint venturer and employee, each of the other and each was acting within the course and scope of its ownership, agency, service, joint venture and employment with the full knowledge and consent of each of the other Defendants. Plaintiffs are informed and believe and thereon allege that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

17. At all times mentioned herein, each and every Defendant was the

successor of the other and each assumes the responsibility for each other's acts and omissions.

## FACTUAL ALLEGATIONS

18. Beginning on or around June 28, 2016 at approximately 9:05 a.m., Defendant contacted plaintiff James Finley on his cellular telephone ending in 7703, in an attempt to communicate with Plaintiff regarding a debt. Defendant called plaintiff James Finley from (605) 496-0709. Additionally, Defendant also called multiple times from (307) 316-7474 at approximately 9:41 a.m. and eleven more times between June 29, 2016 and July 13, 2016. Defendant called Plaintiff back on the same cellular phone on June 29, 2016 at approximately 11:40 a.m. The numbers (605) 496-0709 and (307) 316-7474 are affiliated/controlled by IC System, Inc.

19. Beginning on or around April 1, 2016 at approximately 5:45 p.m., Defendant contacted Plaintiff Kiki Ball multiple times on her cellular telephone ending in 9789, in attempts to communicate regarding a debt owed by someone else. Defendant called Plaintiff from (307) 655-7560, a number affiliated/controlled by IC System, Inc.

20. Defendant contacted Plaintiffs in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq* on telephone numbers the Plaintiffs had not consented for the Defendant to contact them.

21. Defendant's call(s) constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

22. Defendant's call(s) were placed to telephone numbers assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

23. Defendant contacted Plaintiffs from telephone numbers (605) 496-0709, (307) 316-7474, and (307) 655-7560.Defendant never received Plaintiffs "prior express consent" to receive calls on her cellular telephone pursuant to 47

U.S.C. § 227.

## TELEPHONE CONSUMER PROTECTION ACT

24.  Congress enacted the TCPA in 1991 to address certain practices thought to be an invasion of consumer privacy and a risk to public safety. The TCPA and the Federal Communications Commission's (hereinafter "FCC") implemented rules prohibit: (1) making telemarketing calls using an artificial or prerecorded voice to residential telephones without prior express consent; and (2) making any non-emergency call using an automatic telephone dialing system (hereinafter "ATDS") or an artificial or prerecorded voice to a wireless telephone number without prior express consent. If the call includes or introduces an advertisement, or constitutes telemarketing, consent must be in writing.[1] The TCPA grants consumers a private right of action, with a provision for $500 or the actual monetary loss in damages for each violation, whichever is greater, and treble damages for each willful or knowing violation, as well as injunctive relief.

25.  Since the TCPA's passage in 1991, the FCC has taken multiple actions implementing and interpreting the TCPA, and has issued numerous Declaratory Rulings clarifying specific aspects of the TCPA.  The most recent, FCC Omnibus Order of July 10, 2015, (the "Order") provided further protection to consumers by, among other things, clarifying that ATDS is broadly defined, confirming liability attaches to calls made to the wrong number or reassigned number, and clarifying consumers may revoke consent through reasonable methods. *In the Matter of Rules and Regulations Implementing the Tel.*

---

[1] Prior express written consent means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered. 47 C.F.R. § 64.1200(f)(8).

*Consumer Prot. Act of 1991*, FCC 15–72, 30 F.C.C.R. 7961, (July 10, 2015), available at https://www.fcc.gov/document/tcpa-omnibus-declaratory-ruling-and-order. The Order defines an "autodialer" as equipment/software that has the future capacity to dial randomly or sequentially. "In other words, the capacity of an autodialer is not limited to its current configuration but also includes its potential functionalities." The Order clarifies the meaning of "capacity" and that "any call" made using a device with the capacity to serve as an ATDS requires consent under the TCPA, even if the caller is not "actually…using those functionalities to place calls" at the time. *Derby v. AOL, Inc.*, No. 5:15-CV-00452-RMW, 2015 WL 5316403, at *3 (N.D. Cal. Sept. 11, 2015).

26. The Order also states that calls placed to the wrong number or a reassigned number are made with knowledge of the error after the first call; and consumers may revoke consent through any reasonable method, including orally: "[w]e clarify, however, that callers who make calls without knowledge of reassignment and with a reasonable basis to believe that they have valid consent to make the call should be able to initiate one call after reassignment as an additional opportunity to gain actual or constructive knowledge of the reassignment and cease future calls to the new subscriber. If this one additional call does not yield actual knowledge of reassignment, we deem the caller to have constructive knowledge of such;" "[c]onsumers generally may revoke, for example, by way of a consumer-initiated call, directly in response to a call initiated or made by a caller, or at an in-store bill payment location, among other possibilities."

27. Finally, in 2008, the FCC held that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." In re Rules and Regulations Implementing the Telephone Consumer Protection Act, Declaratory Ruling on Motion by ACA International for Reconsideration, 23 FCC Rcd. 559,

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
-7-

565, ¶ 10 (Jan. 4, 2008); *Birchmeier v. Caribbean Cruise Line, Inc.*, 2012 WL 7062748 (Dec. 31, 2012).

28.     Accordingly, the entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call. Under those circumstances, the entity is deemed to have initiated the call through the person or entity.

## FIRST CAUSE OF ACTION

(VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT,

47 U.S.C. § 227, *ET SEQ.*)

(Against All Defendants)

29.     Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

30.     The foregoing acts and omission of Defendants constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq*.

31.     As a result of Defendants violations of 47 U.S.C. § 227, *et seq*., Plaintiffs are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227.

32.     Plaintiffs are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

(KNOWING AND/OR WILLFUL VIOLATION OF

THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ.*)

(Against All Defendants)

33.     Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

34. The foregoing acts and omission of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq*.

35. As a result of Defendants violations of 47 U.S.C. § 227, *et seq*., Plaintiffs are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227.

36. Plaintiffs are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief and judgment as follows:

1. For the first cause of action:
   - Plaintiffs are entitled to and request $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227, *et seq*.;
   - Preliminary and permanent injunctive relief enjoining Defendant(s), their agents, servants and employees, and all persons acting in concert with them, from engaging in, and continuing to engage in, the unlawful calls made with automated dialing systems to cellular phones without prior express consent;
   - Attorneys' fees, costs and any and all other relief that the Court deems just and proper.

2. For the second cause of action:
   - Plaintiffs are entitled to and request $1,500.00 in statutory damages, for each and every violation , pursuant to 47 U.S.C. § 227, *et seq*.;
   - Preliminary and permanent injunctive relief enjoining Defendant(s), their agents, servants and employees, and all

persons acting in concert with them, from engaging in, and continuing to engage in, the unlawful calls made with automated dialing systems to cellular phones without prior express consent;

- Attorneys' fees, costs and any and all other relief that the Court deems just and proper.

Dated:  December 20, 2016    Respectfully submitted,

By: */s/ David L. Weisberg*

John P. Kristensen (SBN 224132)
David L. Weisberg (SBN 211675)
*john@kristensenlaw.com*
*david@kristensenlaw.com*
**KRISTENSEN WEISBERG, LLP**
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025
Telephone:  (310) 507-7924
Fax:  (310) 507-7906

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury for all issues that may be decided by jury.

Dated:  December 20, 2016            Respectfully submitted,

By: */s/ David L. Weisberg*

John P. Kristensen (SBN 224132)
*john@kristensenlaw.com*
David L. Weisberg (SBN 211675)
*david@kristensenlaw.com*
**KRISTENSEN WEISBERG, LLP**
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025
Telephone:  (310) 507-7924
Fax:  (310) 507-7906

